UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                                :
JAMES R. WOOTEN,                                :       04 Civ. 06715 (RJH)
                                                :
                        Plaintiff,              :
                                                :
        -against-                               :
                                                :
                                                :
NEW YORK CITY HUMAN RESOURCES                   :
ADMINISTRATION—MEDICAL ASSISTANCE               :
PROGRAM,                                        :
                        Defendant.              :
                                                :
------------------------------------------------------------x
                                                :
JAMES R. WOOTEN,                                :       05 Civ. 03386 (RJH)
                                                :
                        Plaintiff,              :
                                                :
        -against-                               :
                                                :       MEMORANDUM
                                                :       OPINION AND ORDER
NEW YORK CITY HUMAN RESOURCES                   :
ADMINISTRATION—MEDICAL ASSISTANCE               :
PROGRAM,                                        :
                        Defendant.              :
                                                :
------------------------------------------------------------x
```

Plaintiff brings these actions *pro se* alleging that defendant has improperly terminated his medical benefits, depriving him of a property interest without due process of law in violation of his Fourteenth Amendment rights. Plaintiff's first action alleges an unconstitutional discontinuance of his medical benefits from June 28 to July 13, 2004; his second action alleges the same with respect to the period from February 9 to March 3, 2005 (the date of his second

complaint). As plaintiff has not shown a deprivation of due process nor any injury, the Court grants defendant's motion for summary judgment.

## BACKGROUND

Plaintiff received Social Security Income ("SSI") disability benefits in the amount of $665 per month for several years, through April 2004. (Deposition of James R. Wooten ("Wooten Dep.") 26 (Def.'s Ex. L).) At that time, plaintiff turned 65 and became eligible for SSI benefits in the amount of $843 per month. (*Id.* at 27.) As a result of the increase in his monthly income from $665 to $843, plaintiff was no longer eligible to receive Medical Assistance benefits (Medicaid). (*See* Silverberg Decl. Ex. C.) Consequently, plaintiff received a Notice of Intent to Change Medical Benefits in June 2004, informing him he was no longer eligible for Medical Assistance due to this increase in his monthly income. (*Id.*) The notice stated that plaintiff had sixty days to request a state "fair hearing" to contest this reduction, and that if he requested a formal hearing by the "effective date" of July 2, 2004, his Medical Assistance benefits would continue until the hearing decision was issued. (*Id.*) On July 2, 2004, plaintiff mailed in his request for a fair hearing. (Wooten Dep. 56-57.)

From June 28 to July 13, plaintiff's medical benefits were inadvertently discontinued "in error." (Affidavit of Arther Feinleib, ¶ 4 (Def.'s Ex. E).) On July 6, plaintiff presented five prescriptions to his pharmacy, which were not filled due to this discontinuation. (2004 Compl. ¶ 5; Pl's. Affirmation ¶ 11; Pl.'s Ex. B.) On July 13, plaintiff's benefits were retroactively restored. (Feinleib Aff. ¶ 4); Computer Printout of Change of Pl.'s Medical Assistance History 2 (Def.'s Ex. D).) Plaintiff acknowledges that he filled his July 6 prescriptions sometime later in July and continued to receive benefits through to the "fair hearing" decision. (Wooten Dep. 85-

2

88.) Plaintiff has not provided evidence of any specific injury that has resulted from his inability to fill his prescriptions on July 6. (*Id.* at 108-19.)

Plaintiff participated in the fair hearing on October 2, 2004. (*Id.* at 93; Fair Hr'g Decision (Def.'s Ex. G).) On November 5, 2004, the hearing officer held that defendant incorrectly calculated plaintiff's excess income but nonetheless held that defendant was correct in discontinuing plaintiff's Medical Assistance benefits. (Fair Hr'g Decision 9.) Despite this unfavorable decision, plaintiff continued to receive Medical Assistance benefits at their pre-hearing levels. (Declaration of Guruprasad S. Udapi ¶ 2.)

On January 27, 2005, plaintiff received another Notice of Intent to Change Medical Benefits; it advised plaintiff that his Medical Assistance benefits would be discontinued effective February 9, 2005, due to an alleged failure by plaintiff to recertify his eligibility. (*Id.* ¶ 4.) Plaintiff maintains that he did recertify his eligibility. (Recertification Statement and Certified Mail Receipt (Pl.'s Ex. I).) The Notice advised plaintiff that he had the right to request a fair hearing within sixty days, but that he had to request a hearing before the effective date (February 9) if he wanted his medical benefits to continue unchanged until the fair hearing. (Notice of Decision on Medical Assistance (Def.'s Ex. R).) Plaintiff did not request a fair hearing until February 14. (Udapi Decl. ¶ 4; Certified Mail Receipt (Def.'s Ex. S).) Plaintiff's Medical Assistance benefits were therefore discontinued until the issuance of the fair hearing decision on March 22, 2005.

On March 22, 2005, the hearing officer found that plaintiff's statements that he submitted the recertification statement were credible. (Def.'s Ex. S at 3.) The hearing officer therefore ordered that plaintiff's Medical Assistance benefits be retroactively restored at their previous level and that plaintiff be reimbursed for any medical expenses occurring between February 9,

2005 and March 22, 2005. (*Id.*; Udapi Decl. ¶ 4.) Plaintiff presently continues to receive Medical Assistance benefits. (Udapi Decl. ¶ 4.)

Plaintiff now brings the instant action, alleging a Fourteenth Amendment violation stemming from a deprivation of property without due process of law.

## DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 57 (2d Cir. 1997) (quoting Fed.R.Civ.P. 56(c)). Summary judgment may also be granted when the opposing party fails to establish an element essential to that party's case and on which that party would bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986); *Distasio v. Perkin Elmer Corp.*, 157 F.3d 55, 61 (2d Cir. 1998). In reviewing the record, the district court must assess the evidence in "the light most favorable to the non-moving party," resolve all ambiguities, and "draw all reasonable inferences" in its favor. *Am. Cas. Co. v. Nordic Leasing, Inc.*, 42 F.3d 725, 728 (2d Cir. 1994); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

To survive summary judgment, the non-moving party cannot rely on mere allegations, denials, conjectures or conclusory statements, but must present affirmative and specific evidence showing that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 256-57; *Gross v. Nat'l Broad. Co.*, 232 F.Supp.2d 58, 67 (S.D.N.Y. 2002). Courts review *pro se* pleadings with care and liberally interpret them to raise the strongest arguments that they suggest; this is particularly

true in the summary judgment context where a *pro se* plaintiff's claims are subject to a final dismissal. *See Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988) ("[S]pecial solicitude should be afforded *pro se* litigants … when confronted with motions for summary judgment."). Defendant here served plaintiff with the notice required to be given a *pro se* party opposing summary judgment pursuant to Local Rule 56.2.[1]

Indisputably, plaintiff here is currently receiving the same medical benefits that he was receiving prior to the start of these incidents, and all benefits that were terminated have been retroactively restored. "When it is impossible for the court to grant any effectual relief whatever to a prevailing party," the case becomes moot. *In re Kurtzman*, 194 F.3d 54, 58 (2d Cir. 1999) (internal citations, emphasis, and quotation marks omitted). In order for this court to act, plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*; *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103 (1998) (to satisfy Article III constitutional requirements, a litigant's injuries must be "concrete and actual and imminent, not conjectural or hypothetical"); *Lujan v. Defenders of Wildlife*, 504 U.S. 561, 560 (1992). While plaintiff has alleged that the denial of medication on July 6, 2004 could have been life threatening, he has offered no evidence supporting this claim. Plaintiff has suffered no tangible injury, and, since all of his benefits have already been restored, there is nothing for the Court to redress.

Even if plaintiff's claims were not moot, his allegations of denial of due process are without merit. Plaintiff first alleges a deprivation of property without due process of law stemming from the discontinuance of his Medical Assistance benefits from June 28 to July 13,

---

[1] Plaintiff has requested that this Court appoint him counsel. Due to the obvious lack of merit to his case, and the vigor and ability with which he has represented himself despite his *pro se* status, such appointment would be unwarranted. *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1986).

5

2004. Medical benefits like the ones at issue do constitute a protected property interest for the purposes of the Fourteenth Amendment. *Mayer v. Wing*, 922 F. Supp. 902, 910 (S.D.N.Y. 1996); *see also Goldberg v. Kelly*, 397 U.S. 254, 261 (1970). However, defendant has stated in affidavits that plaintiff's benefits were terminated between June 28 and July 13 "in error," and plaintiff has not rebutted this statement. Negligent (or even intentional) deprivation of property through a random and unauthorized act of a state or federal employee does not constitute a deprivation of due process if a meaningful postdeprivation remedy for the loss is available. *Stuto v. Fleishman*, 164 F.3d 820, 825 (2d Cir. 1999); *see also Beechwood Restorative Care Center v. Leeds*, 436 F.3d 147, 156 (2d Cir. 2006); *Locurto v. Safir*, 264 F.3d 154, 172 (2d Cir. 2001). Not only would an Article 78 proceeding provide adequate process in such a situation, here, of course, defendant retroactively restored plaintiff's benefits for June 28 through July 13 once they processed his aid-to-continue request on July 13. As defendant has offered plaintiff a meaningful post-deprivation remedy, there has been no constitutional deprivation of due process.

Plaintiff next argues that defendant deprived him of his property interest by improperly depriving him of his medical benefits from February 9 to March 22, 2005. The notice plaintiff received on January 27, 2005 stated that the effective date to request a fair hearing, and maintain full benefits while awaiting the hearing, was February 9. Plaintiff maintains, however, that the notice stated that he had sixty days to request a fair hearing and that his benefits cannot have been terminated before then. While plaintiff had sixty days to request a fair hearing, the notice form states—in capital, underlined letters—that he had to request the hearing before the effective date in order to keep receiving benefits until the hearing. *See also* 18 N.Y.C.R.R. 358-3.6(a)(1)(i); *Goldberg*, 397 U.S. at 268 (holding that seven days' notice prior to effective date provided by New York City for fair hearings is not constitutionally insufficient). Plaintiff's

6

benefits were terminated simply because he failed to request his fair hearing until February 14, five days past the effective date. Plaintiff cannot recover on a due process claim if the process was available and he simply failed to avail himself of it.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment [19, 22] is granted. The Clerk of the Court is directed to close these cases.

SO ORDERED.

Dated: New York, New York
       March 22, 2006

                                                  _____
                                                         Richard J. Holwell
                                                United States District Judge

benefits were terminated simply because he failed to request his fair hearing until February 14, five days past the effective date. Plaintiff cannot recover on a due process claim if the process was available and he simply failed to avail himself of it.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment [19, 22] is granted. The Clerk of the Court is directed to close these cases.

SO ORDERED.

Dated: New York, New York
March 21, 2006

Richard J. Holwell
United States District Judge